## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

CASE NO. 11-3724 (MJD/TNL)

OGONNAYA VINCENT OFOR,

      Plaintiff/ Counterclaim
      Defendant,

**REPORT & RECOMMENDATION**

v.

U.S. BANK, as a Trustee,

      Defendant/ Counterclaimant .

Ogonnaya Vincent Ofor, 801 McCallum Drive, New Brighton, MN 55112,
pro se Plaintiff/Counterclaim Defendant; and

Steven R. Little, **COLEMAN HULL & VAN VLIET, PLLP**,
8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437,
for Defendant/Counterclaimant.

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion for Summary Judgment (Docket No. 12) and Defendant's Motion for Rule 11 Sanctions (Docket No. 23). These actions have been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on April 12, 2012. Ogonnaya Vincent Ofor appeared on behalf of himself. Steven R. Little appeared on behalf of U.S. Bank.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 12) be

**GRANTED IN PART** and **DENIED IN PART**; Defendant's Motion for Rule 11

Sanctions (Docket No. 23) be **GRANTED IN PART** and **DENIED IN PART**; and the

remaining state law claims be **REMANDED** to Ramsey County District Court.

## II.    BACKGROUND

This matter pertains to real property located at 801 McCallum Drive, New Brighton,

Minnesota 55112, legally described as "Lot 21, Block 12, Apache Hills Second Addition,

Ramsey County, Minnesota" (the "Property").  Plaintiff Ogonnaya Vincent Ofor (Ofor)

brought the present action in Ramsey County District Court.  U.S. Bank removed this action

to federal court, answered, and filed a counterclaim to quiet title on the Property.  *See*

Answer & Countercl. Dec. 28, 2011 (Docket No. 2).

The entirety of Ofor's Complaint is set forth as follows:

> PLAINTIFF, as and for its cause of action against the above-
> named defendant states and alleges as follows:
>
> 1. The (sic) was obvious or fraudulent or predatory lending
>    that occurred in my home.
>
> 2. My home was improperly foreclosed when there was a
>    pending lawsuit.
>
> 3. According to Minnesota Statutes, the power of attorney was
>    violated.
>
> 4. U.S. Bank as a trustee has allegedly obtained my home and is
>    now using armies of attorney (sic) to evict me and render me
>    homeless.
>
> 5. Due to the fraudulent lending my life, family credit and
>    reputation are ruined and compensation or settlement is
>    necessary.
>
> 6. My former attorney is a great witness that I was wronged
>    and the jury will see that.

7.  Over appraisal of my property to fit refinancing was a fraud according to Minnesota law.

8.  The Bank refused to cooperate to sell the home in a short sale. GMAC the second mortgage bank is willing to settle but U.S. Bank insists on throwing me away homeless and without compensation.

9.  All the Minnesota applicable statutes that are violated is attached. The Truth and (sic) Lending Act which is a federal statute is violated and it is still unresolved with the United States Supreme Court.

WHEREFORE, Plaintiff demands judgment against defendant as follows: Due to the fraudulent lending, I showed (sic) be awarded my home or be compensated to voluntarily leave. The home could be sold in a short sale. The Bank could be forced that I remain and pay them $500 monthly for six years or more. Whatever the jury feel (sic) that I deserve should be given to me.

Compl. Dec. 28, 2011 (Docket No. 1-1).

This is not the first action pertaining to the Property that has come before United States District Court for the District of Minnesota. Moreover, this is not the first action pertaining to the Property with Ofor and U.S. Bank serving as Plaintiff and Defendant, respectively.

In December 2008, with the assistance of counsel, Ofor commenced an action against U.S. Bank N.A. as a Trustee for the registered holders of MASTR Asset Backed Securities Trust, and other parties. *See Ofor v. Ocwen Loan Servicing, LLC*, Case No. 09cv1402 (PAM/JJG) (D. Minn. June 15, 2009).  Ofor brought his action in Ramsey County District Court after U.S. Bank proceeded to foreclose by advertisement pursuant to Minn. Stat. § 580.02. *See Ofor v. Ocwen Loan Servicing*, LLC, 649 F.3d 808, 812 (8th Cir. 2011), *reh'g denied*

(Sept. 26, 2011).  That action was later removed to the United States District Court for the

District of Minnesota.  In that action, Ofor sought declaratory judgment that no contract

was formed with respect to the mortgages or notes that were the basis for the foreclosure

proceeding, and Ofor asserted a claim under the Truth in Lending Act (TILA), 15 U.S.C.

§ 1601, *et seq.*  When Ofor commenced his action, in December 2008,

> [he] did not ask the state court for emergency relief to enjoin
> the sale, and the sheriff's sale occurred on December 11, 2008.
> U.S. Bank purchased the home at the sale. Ofor did not exercise
> his statutory right to redeem after the sheriff's sale; that right
> expired in June 2009.

*Ofor*, 649 F.3d at 812 (8th Cir. 2011) (citing Minn. Stat. § 580.001 *et seq.*).  Following a bench

trial in May 2010, the Court found in favor of U.S. Bank on all of Plaintiff's claims and

ordered Ofor's claims dismissed with prejudice.  *Ofor*, Case No. 09cv1402 (PAM/JJG), at

Mem. & Order (D. Minn. May 24, 2010) (Docket No. 44).  The judgment was affirmed by

the Eighth Circuit Court of Appeals and the Eighth Circuit Court of Appeals denied his

petition for a rehearing. *See Ofor*, 649 F.3d at 816.  The United States Supreme Court denied

Ofor's petition for certiorari, *Ofor v. U.S. Bank*, 132 S. Ct. 1747 (2012), and request for

rehearing.  *Ofor v. U.S. Bank, N.A.*, 11-8183, 2012 WL 1658615 (May 14, 2012).

After Ofor's petition for rehearing before the Eighth Circuit Court of Appeals was

denied, but before his petition for certiorari was decided, Ofor commenced the present *pro se*

action.

U.S. Bank brings the present Motion for Summary Judgment, arguing that Ofor's

claims must be dismissed based upon the doctrine of *res judicata*. U.S. Bank also brought a

motion under Fed. R. Civ. P. 11 seeking an order sanctioning Ofor for bringing a frivolous

action and barring Ofor from filing future claims against U.S. Bank and the Property in this Court and in Minnesota state courts.

### III.   MOTION FOR SUMMARY JUDGMENT

"[A] *pro se* complaint must be liberally construed, and *pro se* litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (quotations omitted).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party must demonstrate that there is no genuine issue of material fact to be decided.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  When a motion for summary judgment has been made and supported by the pleadings and affidavits, the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986).

> The United States Supreme Court has explained that
>
>> [u]nder *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . .   As this Court and other courts have often recognized, *res judicata . . .* relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414-15 (1980) (citations omitted).

In this matter, U.S. Bank seeks to dispatch expeditiously what it deems to be a meritless case. U.S. Bank, therefore, moved for summary judgment a little more than one

week after the Pretrial Scheduling Order was issued in this matter. In moving for summary judgment, U.S. Bank simply cited the Complaint in the present action, cited the record from the previous action, and argued only as follows:

> All of the required elements of *res judicata* are present here: (1) The district court's judgment in Civil No. 09-1402 is final and affirmed *Ofor*, 649 F.3d 808; (2) the district court in Civil No. 09-1402 had proper subject matter jurisdiction; (3) Ofor and U.S. Bank were both parties in Civil No. 09-1402; and (4) both Civil No. 09-1402 and this action are based on the same claims and arise out of the same nucleus of operative fact.

Def.'s Mem. at 8-9, Feb. 8, 2012 (Docket No. 16).

This Court begins with Ofor's TILA claim(s). Ofor does not cite which of the more than 160 sections of TILA was violated, but Ofor makes reference to the fact that his TILA claim "is still unresolved with the United States Supreme Court." The Court, therefore, presumes that Ofor is asserting a claim under 15 U.S.C. §§ 1635 and 1638, which were the sections that Ofor identified in his previous action. *See Ofor*, 649 F.3d at 815. Accordingly, this Court concludes that Ofor's present TILA claim(s) is barred by the doctrine of *res judicata*. In the previous action, the United States District Court for the District of Minnesota had jurisdiction over Ofor's TILA claim under 28 U.S.C. § 1331. *See Ofor v. Ocwen Loan Servicing*, LLC, Civil No. 09-1402 PAM/JJG (Docket No. 1). The parties to the present action and the prior action are the same. Finally, the judgment on the TILA claim in the prior action was a final judgment on the merits. Therefore, there is no genuine issue of material fact to sustain Ofor's present TILA claim, and Defendants are entitled to summary judgment on Ofor's present TILA claim.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).   Because this Court recommends dismissal of Ofor's TILA claim, this Court must consider whether continued exercise of supplemental jurisdiction over Ofor's state law claims and U.S. Bank's quiet title claim is warranted.   This Court concludes that further excise of supplemental jurisdiction is unwarranted in this matter.

This Court is charged with construing Ofor's Complaint liberally.   To this end, this Court identifies a wrongful eviction claim in Ofor's Complaint. This Court cannot discern from the record whether the doctrine of *res judicata* is applicable to Ofor's wrongful eviction claim and U.S. Bank's briefing sheds no light on the issue.   Moreover, Ofor included a copy of a filing from what appears to be an eviction action in Ramsey County District Court, and the quiet title counterclaim is properly venued in Ramsey County District Court. Therefore, this Court concludes that "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—" point toward dismissing the state law claims without prejudice to permit the parties the opportunity to re-file their state law claims in Ramsey County District Court. *Keating v. Nebraska Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011).

### IV.    MOTION FOR RULE 11 SANCTIONS

Federal Rule of Civil Procedure 11 mandates that every pleading, written motion, and other paper filed with the court must be signed by either the attorney of record or by the party if the party is unrepresented. Fed. R. Civ. P. 11(a).   By presenting the signed document to the Court, the person who signed the document certifies that

> [t]o best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>     . . . .
>
>     (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). If the person who signed the document violates Fed. R. Civ. P. 11(b), then the Court may impose an appropriate sanction after providing the person with notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c).  Minnesota has a comparable rule. *See* Minn. R. Civ. P. 11.  "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988).

U.S. Bank brings its Motion for Rule 11 Sanctions, arguing that Ofor should be sanctioned for his "continued pursuit of baseless legal theories against U.S. Bank and its real property." Def.'s Mem. at 2, Mar. 8, 2012 (Docket No. 26).  Ofor filed no response to U.S. Bank's Motion for Rule 11 Sanctions.  In light of the recommendation above, this Court shall only consider U.S. Bank's motion to the extent that it pertains to Ofor's TILA claim(s). For the reasons set forth herein, this Court recommends that Ofor be found in violation of Fed. R. Civ. P. 11(b)(2) and U.S. Bank's request for sanctions be denied.

In the present case, the record supports that Ofor's TILA claim was not warranted by existing law and was frivolous because it was clearly barred by the doctrine of *res judicata. See* Fed. R. Civ. P. 11(b)(2).  The Eighth Circuit Court of Appeals has stated that, although "*pro se* complaints are read liberally, . . . they still may be frivolous if filed in the face of previous

dismissals involving the exact same parties under the same legal theories." *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). Such is the case here. Therefore, this Court concludes that Ofor violated Fed. R. Civ. P. 11(b)(2) by commencing a new action premised on the same TILA claim that was adjudicated in a previous action, and, therefore, was barred by the doctrine of *res judicata.*

Federal Rule of Civil Procedure 11(c) states that "the court may impose an appropriate sanction on . . . [the] party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

U.S. Bank seeks an order barring Ofor from filing any further actions pertaining to U.S. Bank or the Property in the United States District Court for the District of Minnesota and in the Minnesota state courts. This Court declines to adopt this proposed sanction. First, this Court does not have jurisdiction to restrict Ofor's ability to commence actions in Minnesota state courts.  Second, one errant claim does not amount to "[t]he seemingly endless flow of frivolous and abusive filings" that warrants restricting an individual's access to the federal courts.  *Stephens v. Jensen-Carter*, 06-CV-0693 (PJS), 2007 WL 2885813 (D. Minn. Sept. 27, 2007), *aff'd sub nom. Stephens v. Hedback*, 321 F. App'x 536 (8th Cir. 2009).

Furthermore, this Court declines to recommend any other form of sanction. Any ordered compensation for U.S. Bank would likely exceed Ofor's means.  Moreover, the dismissal of Ofor's frivolous TILA claim is likely to "deter repetition of the conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

## V.   RECOMMENDATION

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment (Docket No. 12) be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant's Motion for Summary Judgment be granted with prejudice as to Plaintiff's Truth in Lending Act claim(s); and

    b. Defendant's motion be denied without prejudice in all other respects.

2. Defendant's Motion for Rule 11 Sanctions (Docket No. 23) be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiff be found in violation of Federal Rule of Civil Procedure 11(b)(2) for filing a Truth in Lending Act claim(s) that is unwarranted by existing law and is frivolous; and

    b. Defendant's motion be denied in all other respects.

3. All remaining state law claims be **REMANDED** to Ramsey County District Court.

4. The Clerk of Court be directed to enter judgment accordingly.


Dated: June 4, 2012

      s/ Tony N. Leung      
Magistrate Judge Tony N. Leung
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written

objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **June 19, 2012**.