# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ogonnaya Vincent Ofor, | Civil No. 11-CV-3724 (MJD/TNL) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| U.S. Bank, as a Trustee, | |
| Defendant. | |

Ogonnaya Vincent Ofor, *pro se.*

Steven R. Little, Coleman Hull & van Vliet, PLLP, Counsel for Defendant.

This matter is before the Court on the Report and Recommendation of Magistrate Judge Tony N. Leung dated June 4, 2012.  Plaintiff objects to the recommendations to dismiss his TILA claims with prejudice, and to remand any remaining state claims to the Ramsey County District Court.  Defendant objects to the recommendation to remand the state claims, asserting such claims are barred by the doctrine of *res judicata.*

Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1)(B); Local Rule 72.2(b).  Based on that review,

the Court will adopt the Report and Recommendation with respect to the TILA claims and will adopt the recommendation not to impose sanctions. The Court will not, however, adopt the recommendation to remand any asserted state claims to state court.

The Magistrate Judge construed the Complaint as asserting a claim for wrongful eviction, and recommended that such claim be remanded as he could not discern from the record whether *res judicata* applied to that claim.  In addition, based on a copy of a filing from an eviction action in Ramsey County District Court, the Magistrate Judge determined that Defendant's quiet title counterclaim is properly venued with the wrongful eviction action.

In responding to Plaintiff's objections to the Report and Recommendation, Defendant has submitted a copy of an order issued in the eviction action referenced above, in which the court denied Plaintiff's motion to reverse the eviction, precluded Plaintiff from filing any further repetitive motions, and directed that judgment be entered.  (Doc. No. 45, Ex. 2.)   Defendant argues, and this Court agrees, that pursuant to the state court order, to the extent Plaintiff asserted a wrongful eviction in this case, it is barred under the doctrine of *res judicata*.  See Yankton Sioux Tribe v. U.S. Dept. of Health and Human Serv., 533

F.3d 634, 639 (8th Cir. 2008). As a result, there is no need to remand such claims to state court, as Plaintiff is barred from bringing further claims arising from the same nucleus of operative facts concerning the subject property and his eviction from such property. See Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001) (citation omitted) (finding that under the doctrine of res judicata, also known as claim preclusion, a party is barred from bringing repetitive suits involving the same cause of action, or claims that could have been raised in that action).

Plaintiff also asserted a claim that Defendant "refused to cooperate to sell the home in a short sale." (Comp. ¶8.) This claim should also be dismissed with prejudice, as Plaintiff has failed to allege facts, or present any evidence, that Defendant was legally obligated to agree to a short sale. See Allen v. Bank of America Corp., Civ. No. 10-4205, 2011 WL 3837150, at * 8 (D. Minn. Jul. 22, 2010) (noting that "the fact that a lender's refusal to engage in a short sale of real property in which it has an interest does not, standing alone, give rise to a cause of action for fraud").

Plaintiff was given a full and fair opportunity to litigate his claims in the first action, and he is thus barred from bringing additional actions arising from

the same nucleus of operative facts concerning the subject property, foreclosure of the subject property and his eviction from the same. Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Docket No. 12) is

    **GRANTED. This action is hereby dismissed with prejudice.**

2. Defendant's Motion for Rule 11 Sanctions (Docket No. 23) is **DENIED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: July 31, 2012          s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court